FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 14 2019 ★

BROOKLYN OFFICE

MPR:CRH/RCH
F. # 2018R01833/OCDETF #NYNYE-801

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CR 19-366

COGAN, J.

BULSARA, M.J.

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

SALVADOR CIENFUEGOS ZEPEDA,
   also known as "El Padrino" and "Zepeda,"

         Defendant.

- - - - - - - - - - - - - - - - - -X

I N D I C T M E N T

Cr. No. _____
(T. 21, U.S.C., §§ 841(b)(1)(A)(i),
841(b)(1)(A)(ii)(II), 841(b)(1)(A)(vii),
841(b)(1)(A)(viii), 846, 853(a), 853(p),
959(d), 960(b)(1)(A), 960(b)(1)(B)(ii),
960(b)(1)(G), 960(b)(1)(H), 963 and 970;
T. 18, U.S.C., §§ 982(a)(1), 982(b)(1),
1956(h), 3238 and 3551 et seq.)

FILED
CLERK, U.S. DISTRICT COURT

10/16/2020 2:20mj5010

CENTRAL DISTRICT OF CALIFORNIA
BY: ___MM___ DEPUTY

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(International Heroin, Cocaine, Methamphetamine and
Marijuana Manufacture and Distribution Conspiracy)

1.      In or about and between December 2015 and February 2017, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant SALVADOR CIENFUEGOS ZEPEDA, also known as "El Padrino" and "Zepeda," together with others, did knowingly and intentionally conspire to manufacture and distribute one or more controlled substances, intending, knowing and having reasonable cause to believe that such substances would be unlawfully imported into the United States from a place outside thereof, which offense involved: (a) a substance containing heroin, a Schedule I controlled substance; (b) a substance containing cocaine, a Schedule II controlled substance;

(c) a substance containing methamphetamine, a Schedule II controlled substance; and (d) a substance containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 959(a) and 960(a)(3). The amount of heroin, cocaine, methamphetamine and marijuana involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was (a) one kilogram or more of a substance containing heroin; (b) five kilograms or more of a substance containing cocaine; (c) 500 grams or more of a substance containing methamphetamine; and (d) 1,000 kilograms or more of a substance containing marijuana.

(Title 21, United States Code, Sections 963, 960(b)(1)(A), 960(b)(1)(B)(ii), 960(b)(1)(G), 960(b)(1)(H) and 959(d); Title 18, United States Code, Sections 3238 and 3551 et seq.)

## COUNT TWO
(Heroin, Cocaine, Methamphetamine and Marijuana Importation Conspiracy)

2.    In or about and between December 2015 and February 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SALVADOR CIENFUEGOS ZEPEDA, also known as "El Padrino" and "Zepeda," together with others, did knowingly and intentionally conspire to import one or more controlled substances into the United States from a place outside thereof, which offense involved: (a) a substance containing heroin, a Schedule I controlled substance; (b) a substance containing cocaine, a Schedule II controlled substance; (c) a substance containing methamphetamine, a Schedule II controlled substance; and (d) a substance containing

marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 952(a) and 960(a)(1). The amount of heroin, cocaine, methamphetamine and marijuana involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was (a) one kilogram or more of a substance containing heroin; (b) five kilograms or more of a substance containing cocaine; (c) 500 grams or more of a substance containing methamphetamine; and (d) 1,000 kilograms or more of a substance containing marijuana.

(Title 21, United States Code, Sections 963, 960(b)(1)(A), 960(b)(1)(B)(ii), 960(b)(1)(G) and 960(b)(1)(H); Title 18, United States Code, Sections 3551 et seq.)

## COUNT THREE
(Heroin, Cocaine, Methamphetamine and Marijuana Distribution Conspiracy)

3.   In or about and between December 2015 and February 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SALVADOR CIENFUEGOS ZEPEDA, also known as "El Padrino" and "Zepeda," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved: (a) a substance containing heroin, a Schedule I controlled substance; (b) a substance containing cocaine, a Schedule II controlled substance; (c) a substance containing methamphetamine, a Schedule II controlled substance; and (d) a substance containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1). The amount of heroin, cocaine, methamphetamine and marijuana involved in the conspiracy attributable to the

defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was (a) one kilogram or more of a substance containing heroin; (b) five kilograms or more of a substance containing cocaine; (c) 500 grams or more of a substance containing methamphetamine; and (d) 1,000 kilograms or more of a substance containing marijuana.

(Title 21, United States Code, Sections 846, 841(b)(1)(A)(i), 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(vii) and 841(b)(1)(A)(viii); Title 18, United States Code, Sections 3551 et seq.)

## COUNT FOUR
(Conspiracy to Launder Narcotics Proceeds)

4. In or about and between December 2015 and February 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SALVADOR CIENFUEGOS ZEPEDA, also known as "El Padrino" and "Zepeda," together with others, did knowingly and intentionally conspire to: (i) conduct one or more financial transactions in and affecting interstate and foreign commerce, to wit: the transfer and delivery of Mexican and United States currency, which transactions in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1), 846, 952(a), 959(a), 960(a)(1), 960(a)(3) and 963, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, (a) with the intent to promote the carrying on of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i), and (b) knowing

that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B); and (ii) transport, transmit and transfer monetary instruments and funds from one or more places in the United States to and through one or more places outside the United States, to wit: one or more locations and recipients in Mexico, (a) with the intent to promote the carrying on of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(2)(A), and (b) knowing that the monetary instruments and funds represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission and transfer were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(2)(B).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS ONE THROUGH THREE

5.      The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts One through Three, the government will seek forfeiture in accordance with Title 21, United States Code, Sections 853(a) and 970, which require any person convicted of such offenses to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offenses; and

(b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a), 853(p) and 970)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT FOUR

7. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Four, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property.

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

*[signature]*
FOREPERSON

_____
*[signature]*
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2018R01833/OCDETF #NYNYE-801
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

SALVADOR CIENFUEGOS ZEPEDA,
also known as "El Padrino" and "Zepeda,"

Defendant.

## INDICTMENT

(T. 21, U.S.C., §§ 841(b)(1)(A)(i), 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(vii), 841(b)(1)(A)(viii), 846, 853(a), 853(p), 959(d), 960(b)(1)(A), 960(b)(1)(B)(ii), 960(b)(1)(G), 960(b)(1)(H), 963 and 970; T. 18, U.S.C., §§ 982(a)(1), 982(b)(1), 1956(h) 3238 and 3551 et seq.)

*A true bill.*

_____
Foreperson

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____
Clerk

Bail, $ _____

Michael P. Robotti, Assistant U.S. Attorney (718) 254-7576
Craig R. Heeren, Assistant U.S. Attorney (718) 254-6467
Ryan C. Harris, Assistant U.S. Attorney (718) 254-6489